UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Barry Woods, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : JURY |
| | : |
| Check Recovery Services, | : |
| | : |
| Defendant. | : |

# COMPLAINT

For this Complaint, the Plaintiff, Barry Woods, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Barry Woods (hereinafter "Plaintiff"), is an adult individual residing in Magnolia, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Check Recovery Services (hereinafter "Defendant"), is a corporation

with an address of 255 Great Arrow Avenue, Suite 4, Buffalo, NY 14207, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant contacted third parties regarding the Plaintiff's debt.

10. The Defendant spoke with the Plaintiff's mother and daughters.

11. The Plaintiff has spoken with the Defendants and given them his phone number. They refuse to call it because it was not the number they had on file.

12. The Defendant told the Plaintiff's mother that there were five felonies pending against him and he would be going to jail.

13. The Defendant threatened to suspend the Plaintiff's license.

14. The Defendants referred to themselves as "officers of your county."

15. The Defendant told the Plaintiff that they were calling from a federally monitored phone call.

16. The Defendant told the Plaintiff that he could only pay in two payments or in full and the payments had to be through a bank account.

17. The Defendant threatened to charge the Plaintiff five times the actual bill plus legal fees.

18. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

21. The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

22. The Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

23. The Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

24. The Defendant falsely represented to the Plaintiff that it was affiliated with the United States or a government entity, in violation of 15 U.S.C. § 1692e(1).

25. The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

26. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

27. The Defendant falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff, in violation of 15 U.S.C. § 1692e(7).

28. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

29. The Defendant attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, *et al.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

34. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

35. The Defendant falsely accused or threatened to falsely accuse the Plaintiff of

fraud or a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2).

36.     The Defendant attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

37.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

8. Punitive damage; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 24, 2009

>Respectfully submitted,
>
>By  /s/ Diana P. Larson
>
>Diana P. Larson, *Attorney-in-Charge*
>Texas Bar No. 24007799
>Southern District of Texas Bar No. 24957
>The Larson Law Office, PLLC
>440 Louisiana, Suite 900
>Houston, Texas  77002
>Telephone:  (713) 221-9088
>Facsimile:  (832) 415-9762
>Email:  diana@thelarsonlawoffice.com
>
>Of Counsel To:
>Sergei Lemberg
>LEMBERG & ASSOCIATES L.L.C.
>A Connecticut Law Firm
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile:  (877) 795-3666